State vs. Stuart.

## No. 11,255.

THE STATE OF LOUISIANA VS. WATKINS STUART.

In a judicial district in which there are three parishes, three weeks should intervene between the opening days of the court's sessions.

Non-compliance with the law in this respect, in so far as relates to another parish of the district than that in which the defendant was indicted, is not an irregularity of which he can avail himself.

There was no irregularity in the terms of the court in the parish in which he was tried and condemned.

APPEAL from the Sixth District Court, Parish of Richland. *Ellis, J.*

*M. J. Cunningham,* Attorney General, for the State, Appellee.

*Robert Whetstone* for Defendant and Appellant.

The opinion of the court was delivered by

BREAUX, J.   The defendant, indicted for rape on 15th February, 1893, was convicted and sentenced to serve at hard labor during his natural life.

He moved the court to quash the indictment, on the ground that at the time it was returned there was no legal term of court, for the order of the court fixing the terms of the District Courts was illegal null and void.

The following is copied from the order assailed by the motion to quash:

'FOR THE PARISH OF FRANKLIN.

"Criminal Term—First Monday of January and August.
"Civil Term—First Monday of April and October."

"FOR THE PARISH OF WEST CARROLL.

"Criminal Term—Third Monday of January and August.
"Civil Term—Third Monday of April and October."

"FOR THE PARISH OF RICHLAND.

"Criminal Term—Second Monday of February and September.
"Civil Term—Second Monday of May and November."

Act 22 of 1892 provides that the district judges shall, by order in open court or chambers, fix the terms of the court.

Act 78, of the same session, orders that in each district composed of three or more parishes the judge shall fix at least four terms, beginning on days at least three weeks apart.

The above order shows that in the parish of Franklin the court opens and begins a session on the first Monday of January.

In the parish of West Carroll on the third Monday of that month, and that only two weeks intervene between these two terms.

In the parish of Richland the order fixing the terms is not subject to the same objection.

The second Monday of February, under the order, is fixed as the first day of the term.

No term of court in the district is fixed to begin within three weeks preceding that day.    The third Monday of January is the first day of the preceding term in West Carroll.

The non-compliance with the letter of the law in fixing the terms of court in other parishes of the district did not affect the terms as ordered in the parish of Richland.

The order may be legal in this parish, though not in strict conformity with law in one of the other parishes.    If, for instance, the judge were inadvertently to set down a *dies non* as the first day of a term in one of the parishes, it would not offer the least ground of objection in the other parishes of the district.

The district judge—it is provided—shall fix the terms of the court in such a manner that no term shall conflict in any parish with any of the terms of the Supreme Court or Circuit Court.

If a judge were to fix the terms of court in one of the parishes of the district purposly to conflict with these courts the irregularity would not extend to the other parishes of the district.

There are practically three orders contained in one general order fixing the terms.

It is entirely regular in so far as relates to the terms in Richland parish.

The irregularity, if any there is, in the other parishes is confined to their courts.

The determination of this question involves all the issues presented.

The term having been regularly fixed in Richland parish, the indictment was not a nullity nor any part of the other proceedings assailed.

We have given careful consideration to the point raised, upon which the defendant rested his last hope of relief before the courts.

By no rule of interpretation can the conclusion be reached that the order as issued, as it applies to the courts for the parish of Richland, vitiates verdict and sentence.

Judgment affirmed.